UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JACKIE MARIE AMONS,

                              Plaintiff,

                                                                         DECISION AND ORDER

                                                                         07-CV-6568L

                          v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.
_____

      Plaintiff appeals from a denial of disability insurance benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

      On August 12, 2004, plaintiff, then 39 years old, filed an application for Supplemental Security Income benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work since February 24, 1993, due to asthma, rheumatoid arthritis and alcohol dependency. (T. 96). Her application was initially denied. (T. 53). Plaintiff requested a hearing, which was held on March 12, 12007 before Administrative Law Judge ("ALJ") John P. Costello. (T. 16). The ALJ issued a decision on June 20, 2007, concluding that plaintiff was not disabled under the Social Security Act. (T. 16-24). That decision became the final decision of the Commissioner when the Appeals Council denied review on September 18, 2007. (T. 7-10). Plaintiff now

appeals.  The Commissioner has moved for summary judgment dismissing the complaint.  (Dkt. #8).  Although plaintiff was initially represented by counsel in this case, plaintiff's counsel withdrew on October 29, 2008, and plaintiff was granted until December 29, 2008 to respond to the Commissioner's motion.  (Dkt. #9).  To date, plaintiff has not filed a response, or otherwise opposed the Commissioner's motion for summary judgment.

DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires an ALJ to follow a five-step sequential evaluation.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 CFR §404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities.  20 CFR §404.1520(c).  If not, the analysis concludes with a finding of "not disabled."  If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4.  If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled.  If not, analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis, notwithstanding limitations for the

collective impairments. *See* 20 CFR §404.1520(e), (f). Then, the ALJ determines whether the claimant's RFC permits her to perform the requirements of her past relevant work. If so, the claimant is not disabled. If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)). *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) *quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this

Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

ALJ Costello issued a lengthy decision analyzing plaintiff's claim of disability, and supported his determination with detailed findings of fact. Upon careful review of the record, I believe that the ALJ applied the correct legal standards, and that his finding that plaintiff is not totally disabled is supported by substantial evidence.

The ALJ set forth the medical evidence in detail, with special focus on plaintiff's asthma, bronchitis, and left hand limitations, which he determined constituted a severe impairment not meeting or equaling a listed impairment. I believe the evidence supports the ALJ's conclusion that plaintiff, then a 42 year-old woman with a high school education and past employment as a house cleaner, was not totally disabled, due to the ALJ's finding at step five that several positions existed in the economy that plaintiff could perform, including photo finishing clerk, furniture rental clerk, and dealer accounts investigator.

In determining plaintiff's RFC, the ALJ considered, inter alia, plaintiff's treatment notes for rheumatoid arthritis, which reflected left wrist and right shoulder pain with minor limitations in range of motion, and successful surgery on plaintiff's right hand which completely restored her range of motion and for which no functional limitations were noted by her surgeon after 5 weeks of post-surgical follow-up (T. 598). Plaintiff's medical records also included pulmonary function tests showing mild restriction, hand testing which showed moderate arthritic changes, and examining physician reports[1] reflecting moderate limitations in walking, standing, squatting,

---

[1] The record does not appear to contain RFC reports from plaintiff's treating physicians,
(continued...)

climbing and reaching and moderate to marked limitations in fine hand motor work and frequent repetitive motion, and plaintiff's reports concerning her daily activities of personal care, reading, listening to music, traveling on public transportation, attending meetings and shopping. (T. 19). Based on this evidence, the ALJ determined that plaintiff retained the residual functional capacity to perform a full range of light work, with the following limitations: occasional fingering and reaching, avoidance of excessive exposure to pulmonary irritants such as dust, odor, and fumes, and avoidance of temperature and humidity extremes. (T. 18-19). I find that this determination is supported by the substantial evidence cited by the ALJ.

With respect to non-exertional limitations, the ALJ's finding that plaintiff's depression was not severe, and did not significantly limit her mental ability to perform basic work activities, is also well-supported. Consulting psychiatrist Dr. Judith Belsky found that plaintiff has mild to moderate difficulties in maintaining social functioning, getting along with co-workers, adaptiveness, concentration, persistence and pace, but opined that she is capable of performing tasks in a "low contact" environment. (T. 339-343). Multiple additional consultative assessments by a number of psychologists and psychiatrists made similar findings and consistently diagnosed plaintiff with a major depressive disorder, currently mild and/or stable, and drug and alcohol dependence, currently in remission. (T. 293-294, 297-298, 364).

The ALJ's finding concerning plaintiff's RFC is also consistent with the additional medical records submitted to the Appeals Council after his initial determination. These included

---

[1](...continued)
despite requests the provide them.

nerve conduction studies, which revealed mild bilateral carpal tunnel syndrome, and mild left ulnar sensory neuropathy (pain and/or diminished sensation in the left wrist). (T. 600-601).

On balance, the plaintiff's medical records and treating and examining physician reports simply do not support her claim of total disability. As such, I concur with the ALJ and conclude that there is substantial evidence to support his determination that plaintiff retained the residual functional capacity to perform the full range of light work, with limitations to occasional handling and fingering, and avoidance of respiratory irritants. (T. 18-19). There is no dispute that the positions identified by vocational expert Peter Manzi, at the plaintiff's hearing – photo finishing counter clerk, furniture rental clerk, and dealer accounts investigator, are consistent with this RFC, as well as with plaintiff's age, educational background and past work experience. As such, I find no reason to modify the ALJ's decision.

## CONCLUSION

The Commissioner's motion for summary judgment (Dkt. #8) is granted. The Commissioner's decision that plaintiff, Jackie Amons, was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 6, 2009.